UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE ORGANON & CO. DERIVATIVE LITIGATION | Lead Case No: 2:25-cv-10043-JXN-CLW <br><br> (Consolidated) |
| This Document Relates to: <br><br> ALL ACTIONS | |

**STIPULATION AND ORDER DEFERRING DERIVATIVE ACTION**

WHEREAS, on June 11, 2025, Plaintiff Joshua Steffens filed a shareholder derivative action (the "Steffens Action") against defendants Kevin Ali, Matthew Walsh, Carrie S. Cox, Robert Essner, Alan Ezekowitz, Helene Gayle, Shelly Lazarus, Deborah Leone, Philip Ozuah, Cynthia M. Patton, Grace Puma, and Shalini Sharp (the "Individual Defendants") on behalf of nominal defendant Organon & Co. (the "Company") alleging breaches of fiduciary duties, aiding and abetting breaches of fiduciary duties, unjust enrichment, waste of corporate assets, and violations of Section 14(a) and Rule 14a-9 of the Securities Exchange Act of 1934 (the "Exchange Act");

WHEREAS, on June 17, 2025, Plaintiff Jereth Camacho filed a shareholder derivative action (the "Camacho Action") against the Company alleging violations of Section 14(a) of the Exchange Act, breach of fiduciary duties, unjust enrichment, abuse of control, gross mismanagement, waste of corporate assets, and for contribution under Sections 10(b) and 21D of the Exchange Act;

WHEREAS, on July 7, 2025, the Court issued an order consolidating the Camacho Action and the Steffens Action into a single action (the "Derivative Action") and appointing Co-Lead Counsel;

WHEREAS, putative class actions alleging violations of federal securities laws against the Company and certain of its officers is pending in the United States District Court for the District of New Jersey ("Federal Court"): *Hauser v. Organon & Co., et al.*, Case No. 2:25-cv-05322-JXN-CLW (D.N.J.) and *Lerner v. Organon & Co., et al.*, Case No. 2:25-cv-12983-JXN-CLW (the "Securities Class Actions");

WHEREAS, the parties agree that while the Derivative Action asserts different claims for liability, it does involve some of the same parties and factual allegations as the Securities Class Actions;

WHEREAS, the parties agree that, for reasons unique to this action, the interests of preserving the Company's and the Court's resources, efficient and effective case management, and moving the case expeditiously towards trial would best be served by staying the Derivative Action until any motion to dismiss filed in the Securities Class Actions is fully and finally resolved by the Federal Court;

WHEREAS, this stipulation is not a waiver of any party's rights, remedies, claims, or defenses;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by the parties hereto, through their undersigned counsel, subject to the approval of the Court, as follows:

1. The Derivative Action is hereby deferred until all motions to dismiss filed in the Securities Class Actions are fully and finally resolved by the Federal Court or until otherwise agreed to by the parties, but subject to each party's right (i) to move the Court to lift or extend the deferral and (ii) to oppose such motions.

2. Defendants shall promptly notify Plaintiffs upon becoming aware of any related derivative actions or threatened derivative actions or any demands made pursuant to 8 Del. C. §

220 arising out of the same or substantially the same transactions or events as the Securities Class Action or the Derivative Action.

3. Defendants shall promptly notify Co-Lead Counsel if the plaintiff in any related derivative action refuses to agree to a deferral that is for the same or longer duration as the deferral proposed in Paragraph 1 above.

4. If the plaintiff in any related derivative action refuses to agree to a deferral that is for the same or longer duration as the deferral proposed in Paragraph 1 above, any party may lift the deferral after conferring with the opposing party and providing fourteen (14) days' notice via email to all of the undersigned counsel.

5. The parties agree that during the pendency of the deferral, Defendants shall inform Co-Lead Counsel promptly upon the scheduling of any mediation or settlement talks with the plaintiff(s) in the Federal Securities Actions and shall make a good faith effort to include Co-Lead Counsel in such mediation or settlement talks. In the event that Defendants' good faith efforts do not result in including Co-Lead Counsel in the mediation(s) described in the foregoing sentence, then Defendants agree to mediate with Co-Lead Counsel at or about the same time.

6. The parties agree that during the pendency of the deferral, Defendants shall inform Co-Lead Counsel promptly upon the scheduling of any mediation or settlement talks with plaintiff(s) in any other derivative actions or threatened derivative actions that assert claims substantially similar to the claims asserted by Plaintiffs herein and shall include Co-Lead Counsel in such mediation or settlement talks.

7. If a demand is made to the Company pursuant to 8 Del. C. § 220 substantially related to the Federal Securities Actions or this Derivative Action, all documents produced to that shareholder by the Company shall also be produced to Plaintiffs under the same production

conditions, providing the parties consent to a mutually agreeable confidentiality agreement (which consent shall not be unreasonably withheld) that permits documents obtained to be used in connection with this Derivative Action subject to reasonable conditions such as confidentiality and incorporation by reference provisions.

8.  The parties agree that notwithstanding the deferral of this Derivative Action, Plaintiffs, through Co-Lead Counsel may file an amended complaint at any time. Without waiving any defenses or objections, Defendants need not answer or otherwise respond to any complaint filed in the Derivative Action or to any other complaint or amended complaint that is filed in or consolidated with the Derivative Action during the pendency of this deferral.

9.  The parties shall meet and confer and submit a proposed scheduling order within fourteen (14) days of the date the deferral is terminated.

**IT IS SO STIPULATED.**

DATED: September 5, 2025

Respectfully submitted,

**THE BROWN LAW FIRM, P.C.**

Elizabeth Donohoe
Zachary M. Benson
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Email: edonohoe@thebrownlawfirm.net
Email: zbenson@thebrownlawfirm.net
Email: tbrown@thebrownlawfirm.net

**So ORDERED on 9/8/2025:**

*Counsel for Plaintiff Jereth Camacho and Co-Lead Counsel for Plaintiffs*

/s/ *Zachary M. Benson*

JULIEN XAVIER NEALS
United States District Judge

**RIGRODSKY LAW, P.A.**
Gina Serra
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: gms@rl-legal.com

Seth D. Rigrodsky
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: sdr@rl-legal.com

*Counsel for Plaintiff Joshua Steffens and Co-Lead Counsel for Plaintiffs*

**GRABAR LAW OFFICE**
Joshua H. Graber
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (267) 507-6085
Email: jgrabar@grabarlaw.com

*Additional Counsel for Plaintiff Joshua Steffens*


**McCARTER & ENGLISH, LLP**

/s/ *David R. Kott*

David R. Kott, Esq.
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 639-2056
(973) 624-7070 FAX
Email: dkott@mccarter.com

**SIDLEY AUSTIN LLP**
Yolanda Garcia, Esq. (*pro hac vice*)
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
(214) 981 3300
(214) 981 3400 FAX
Email: ygarcia@sidley.com

**SIDLEY AUSTIN LLP**
Elizabeth Y. Austin, Esq. (*pro hac vice*)
One South Dearborn
Chicago, IL 60603
(312) 853-7405
(312) 853-7036 FAX
Email: laustin@sidley.com

*Counsel for Defendants Kevin Ali, Matthew Walsh, Carrie S. Cox, Robert Essner, Alan Ezekowitz, Helene Gayle, Rochelle (Shelly) B. Lazarus, Deborah Leone, Philip Ozuah, Cynthia M. Patton, Grace Puma, and Shalini Sharp, and Nominal Defendant Organon & Co.*

\*   \*   \*